UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>GOLDEN TRANSIT, INC.,<br><br>    Defendant. | Case No. 1:26-cv-00290-KES-CDB<br><br>ORDER TO SHOW CAUSE WHY UNSERVED DEFENDANTS SHOULD NOT BE DISMISSED PURSUANT TO FED. R. CIV. P. 4(m)<br><br>ORDER CONTINUING APRIL 16, 2026, SCHEDULING CONFERENCE<br><br>(Docs. 4, 6)<br><br>**7-Day Deadline** |

Plaintiff United States of America ("Plaintiff") initiated this action with the filing of a complaint against Defendant Golden Transit, Inc. ("Defendant") on January 14, 2026. (Doc. 1). The Clerk of the Court issued summons for service upon Defendant, and the Court entered an order setting a mandatory scheduling conference for April 16, 2026. (Docs. 3–5). The Court's order directed Plaintiff to "diligently pursue service of summons and complaint" and "promptly file proofs of service." (Doc. 4 at 1).

On March 26, 2026, Plaintiff filed a purported summons returned executed suggesting service of process upon Defendant was undertaken and completed, first on March 5, 2026, via personal service, and on March 26, 2026, via mail service.

///

1

**Discussion**

It does not appear that Plaintiff properly has effected service of summons and complaint upon Defendant (a California corporation).

Plaintiff's purported "summons returned executed," filed March 26, 2026, indicates that service of summons and complaint was made on Defendant on March 5, 2026, by delivering copies of the summons and complaint to "John Doe" at the corporation's primary place of business. The proof of service provides no information as to whether John Doe is an officer or managing or general agent or is otherwise authorized to accept service under Rule 4(h)(1)(B). (Doc. 5 at 1); *see* Fed. R. Civ. P. 4(h)(1)(B) (providing that service upon a domestic corporation "must be" accomplished "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized … to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]"). The filing indicates that service of process was mailed to the business thereafter on March 26, 2026. (Doc. 5 at 2). The filing further indicates that on January 30, 2026, an attempt was made to effect personal service at Defendant's primary place of business where John Doe refused to name himself, answered the door, and stated "that the named agent is completely unknown and that there is no one associated with the named business that lives at that address[.]" *Id.* at 3.

Alternatively, under Rule 4(h)(1), a corporation may be served "in the manner prescribed by Rule 4(e)(1) for serving an individual[.]" Fed. R. Civ. P. 4(h)(1). Under Rule 4(e)(1), "an individual … may be served in a judicial district of the United States by … following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1). Under California state law, "a summons may be served by leaving a copy of the summons and complaint during usual office hours in the person's office … with the person *who is apparently in charge* thereof, and by thereafter mailing a copy of the summons and complaint *by first-class mail, postage prepaid* to the person to be served at the place where a copy of the summons and complaint were left. When service is effected by leaving a copy of the summons and complaint at a mailing address, it shall

be left with a *person at least 18 years of age*, who *shall be informed of the contents thereof*.  Service of a summons in this manner is deemed complete on the [tenth] day after the mailing."  See Cal. Civ. Proc. Code 415.20(a) (emphasis added).

Accordingly, there is no basis to conclude that service is effective under either Rule 4(h)(1)(A) or (B) because Plaintiff fails to show that John Doe is an officer, managing or general agent or is otherwise authorized to accept service of process under the Federal Rules governing service of process, or otherwise "is apparently in charge" of Defendant's business under state law governing service of process, and that John Doe, if an authorized person to accept service, was informed of the contents of the documents.  Therefore, the Court will order Plaintiff to show cause in writing why Defendant should not be dismissed for Plaintiff's failure to timely effect service under Rule 4(m).  In the alternative, Plaintiff may comply with this order by filing proper summons returned executed for Defendant or by demonstrating good cause why an extension of time to serve under Rule 4(m) is warranted by the same deadline as set forth below.

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that:

1. **Within seven (7) days** of entry of this order, Plaintiff shall show cause in writing why Defendant should not be dismissed for Plaintiff's failure to properly serve the summons and complaint in compliance with Fed. R. Civ. P. 4.

2. Plaintiff may comply with this order in the alternative by filing summons returned executed for Defendant that remedies the deficiencies noted herein, or by demonstrating good cause why an extension of time to serve under Rule 4(m) is warranted, **within seven (7) days** of entry of this order.

///

///

///

3

As Defendant has not filed a responsive pleading or otherwise appeared, to permit time for pleadings to settle, IT IS FURTHER ORDERED that the scheduling conference previously set for April 16, 2026 (Doc. 4) is CONTINUED to **May 18, 2026, at 10:00 AM**.

IT IS SO ORDERED.

Dated:    **April 8, 2026**

UNITED STATES MAGISTRATE JUDGE