UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GOLDEN TRANSIT, INC.,<br><br>Defendant. | Case No. 1:26-cv-00290-KES-CDB<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS DEFENDANT GOLDEN TRANSIT, INC. WITHOUT PREJUDICE PURSUANT TO FED. R. CIV. P. 4(m) AND TO DISMISS THIS ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO PROSECUTE AND TO OBEY COURT ORDERS<br><br>**14-DAY OBJECTION PERIOD** |

**Background**

Plaintiff United States of America ("Plaintiff") initiated this action with the filing of a complaint against Defendant Golden Transit, Inc. ("Defendant") on January 14, 2026.  (Doc. 1). The Clerk of the Court issued summons for service upon Defendant, and the Court entered an order setting a mandatory scheduling conference for April 16, 2026.  (Docs. 3–5).  The Court's order directed Plaintiff to "diligently pursue service of summons and complaint" and "promptly file proofs of service."  (Doc. 4 at 1).

On March 26, 2026, Plaintiff filed a purported summons returned executed suggesting service of process upon Defendant was undertaken and completed, first on March 5, 2026, via personal service, and on March 26, 2026, via mail service.

As it appears from the summons return executed that Plaintiff has not properly effected

service of summons and complaint upon Defendant (a California corporation), on April 8, 2026, the Court ordered Plaintiff to show cause ("OSC") in writing within seven days (*i.e.*, April 15, 2026) why Defendant should not be dismissed for Plaintiff's failure to properly serve the summons and complaint in compliance with Fed. R. Civ. P. 4.  (Doc. 7).  Plaintiff was provided the opportunity to comply with the OSC in the alternative by filing summons returned executed for Defendant that remedies the deficiencies noted in the OSC, or by demonstrating good cause why an extension of time to serve under Rule 4(m) is warranted by that same deadline.  *Id.* at 3.

To date, Plaintiff has filed neither a return of service that remedies the deficiencies noted in the OSC, nor any further request for extension of the Rule 4(m) deadline, nor any other response to the OSC, and the time to do so has passed.

**<u>Governing Authority</u>**

Local Rule 110, corresponding with Federal Rule of Civil Procedure 11, provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  Local Rule 110.  The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000).  A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (internal quotation marks &

citation omitted).  These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action.  *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

In addition, Rule 4(m) of the Federal Rules of Civil Procedure provides:  "If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  Absent a showing of good cause, failure to comply with Rule 4(m) requires dismissal of any unserved defendant.

**Discussion**

Here, Plaintiff has failed to comply with Rule 4(m) in timely effecting service of process upon Defendant.  As the Court noted in its OSC (*see* Doc. 7 at 2-3), based on the information presented in the summons returned executed, service upon Defendant was not properly effected pursuant to either Rule 4(h)(1)(B) or Cal. Civ. Proc. Code 415.20(a).  Defendant has failed to timely address these deficiencies or request an extension of time to do so.

Because the Court ordered Plaintiff to show cause why the unserved Defendant should not be dismissed and Plaintiff failed to present good cause for failing to timely serve Defendant, imposing the sanction of dismissal is not only warranted, but required under Rule 4(m).  Accordingly, the undersigned will recommend the Court exercise its broad discretion to decline to extend the time within which Plaintiff may effect service of process upon Defendant, and that Defendant be dismissed without prejudice pursuant to Rule 4(m).  *See In re Sheehan*, 253 F.3d 507, 512 (9th Cir.2001) (holding that even if the plaintiff fails to show good cause for failure to timely serve under Rule 4(m), a district court has "the discretion to dismiss without prejudice or extend the time period.") (citing *Petrucelli v. Bohringer & Ratzinger, GMBH*, 46 F.3d 1298, 1305 (3d Cir.1995)).

Additionally, the undersigned finds it appropriate to recommend this action be dismissed without prejudice for Plaintiff's failure to prosecute and to comply with the Court's orders and Local Rules.  Plaintiff failed to effect service on Defendant under Rule 4(m) by the April 14, 2026, deadline, has not made any further request for extension of that deadline supported by good cause,

and the time to do so has passed.  There are no other reasonable alternatives available to address Plaintiff's failure to effect service on Defendant and obey this Court's orders.  Thus, the first and second factors—the expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal.  *Carey*, 856 F.2d at 1440.

The third factor, risk of prejudice to Defendant, also weighs fairly in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976).  This matter cannot proceed further without Plaintiff's participation to prosecute the case and effect service upon Defendant by the extended deadline of April 14, 2026.  (Docs. 1, 7).  The presumption of injury holds given Plaintiff's unreasonable delay in prosecuting this action.  Thus, the third factor—a risk of prejudice to the Defendant—also weighs in favor of dismissal.  *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits.  *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction."  *In re PPA*, 460 F.3d at 1228.  Plaintiff has not moved this case forward toward disposition on the merits.  Instead, it has failed to comply with this Court's orders, the Federal Rules of Civil Procedure, and the Local Rules, thereby impeding the progress of this action.  Therefore, the fourth factor — the public policy favoring disposition of cases on their merits — also weighs in favor of dismissal.  *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at 1262.  Here, the Court's order to show cause, requiring a response from Plaintiff, cautioned that the sole named Defendant is subject to dismissal under Rule 4(m) for Plaintiff's failure to properly serve the summons and complaint, dismissal of which necessitates dismissal of this action in its entirety.  *See* (Doc. 7 at 3) (citing Fed. R. Civ. P. 4); *see* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be

made within a specified time."). Plaintiff was adequately forewarned that the failure to prosecute and the failure to effect service in a timely manner could result in terminating sanctions. Because Plaintiff has failed to comply with this Court's orders and in so doing is failing to prosecute their case, the undersigned will recommend dismissal of this action.

**Conclusion and Recommendation**

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Defendant Golden Transit, Inc. and this action be DISMISSED without prejudice pursuant to Federal Rules of Civil Procedure 4(m).

2. The Clerk of the Court be DIRECTED to terminate Defendant Golden Transit, Inc. and update the docket accordingly.

3. This action be DISMISSED without prejudice for Plaintiff's failure to prosecute this action and to comply with the Court's orders and the Local Rules.

4. The Clerk of the Court be DIRECTED to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:  **April 16, 2026**  _____

UNITED STATES MAGISTRATE JUDGE

5